|  |  |
|---|---|
| **UNITED STATES DISTRICT COURT** | |
| **DISTRICT OF NEVADA** | |

| | |
|---|---|
| Ditech Financial LLC fka Green Tree Servicing, LLC,<br><br>         Plaintiff<br><br>v.<br><br>Court at Aliante Homeowners Association, et al.,<br><br>         Defendants | Case No. 2:16-cv-01777-JAD-DJA<br><br>**Order Granting Motion for Partial Summary Judgment Based on Federal Foreclosure Bar; Final Judgment**<br><br>[ECF Nos. 37, 46] |

      Nevada law holds that a properly conducted nonjudicial foreclosure sale by a homeowners' association to enforce a superpriority lien extinguishes a first deed of trust. But when that deed of trust belongs to government-sponsored enterprise Federal National Mortgage Association (better known as "Fannie Mae"), and the foreclosure sale occurs while Fannie Mae is under the conservatorship of the Federal Housing Finance Agency (FHFA) and without that agency's consent, federal law shields that security interest from extinguishment. That shield is known as the Federal Foreclosure Bar.

      Fannie Mae's loan servicer, Ditech Financial, LLC, brings this action to determine the effect of a 2013 nonjudicial foreclosure sale on the deed of trust securing the mortgage on a condominium home.[1] Because Ditech has shown that the Federal Foreclosure Bar prevented that sale from extinguishing the deed of trust, I grant summary judgment in its favor, dismiss all remaining claims, and close this case.

---

[1] This is but one of hundreds of similar cases between lenders and HOA-foreclosure-sale purchasers that have inundated this district for the last five years.

## Background

Fannie Mae, which has been under the conservatorship of the FHFA since 2008,[2] purchased the mortgage on the condominium home located at 3309 Speckle Summer Place #1 in North Las Vegas, Nevada, in 2005, along with the deed of trust that secures it.[3] The deed of trust has been assigned to various nominees acting as Fannie Mae's loan-servicing agents.[4] The unit is located in the North Valley Court development and subject to the Court at Aliante Homeowners Association's covenants, conditions, and restrictions (CC&Rs), which require the owners of units to pay assessments.[5]

The Nevada Legislature gave homeowners associations (HOAs) a superpriorty lien against residential property for certain delinquent assessments and established in Chapter 116 of the Nevada Revised Statutes a nonjudicial foreclosure procedure for HOAs to enforce that lien.[6] When the owners of this unit fell behind on their assessments, the Court at Aliante Homeowners Association ("the HOA"), through its foreclosure agent Nevada Association Services, sold the property at a nonjudicial foreclosure sale on July 26, 2013, to Keynote Properties, LLC.[7] That sale recorded on September 5, 2013.[8]

---

[2] I take judicial notice of this well-known fact, which no party disputes.

[3] ECF No. 37-1 at ¶ 4.

[4] *Id*. at ¶¶ 9–11; *see also* ECF No. 37-6 (assignment from MERS to Bank of America); ECF No. 37-7 (assignment from Bank of America to Green Tree, nka Ditech).

[5] ECF No. 37-5 at 24 (planned-unit development rider).

[6] Nev. Rev. Stat. § 116.3116; *SFR Invs. Pool 1 v. U.S. Bank* ("*SFR I*"), 334 P.3d 408, 409 (Nev. 2014).

[7] ECF No. 37-10 (foreclosure deed); ECF No. 37-8 (Notice of Delinquent Assessment Lien); ECF No. 37-9 (Notice of Default and Election to Sell). I take judicial notice of all recorded documents in the record.

[8] ECF No. 37-10.

As the Nevada Supreme Court held in *SFR Investments Pool 1 v. U.S. Bank* in 2014, because NRS § 116.3116(2) gives an HOA "a true superiority lien, proper foreclosure of" that lien under the nonjudicial foreclosure process created by NRS Chapters 107 and 116 "will extinguish a first deed of trust."[9] But the Federal Foreclosure Bar in 12 U.S.C. § 4617(j)(3) creates an exception to that rule.[10] This safeguard is contained in the Housing and Economic Recovery Act ("HERA," codified at 12 U.S.C. § 4511 et seq.), which went into effect in 2008.[11] HERA established the FHFA and placed Fannie Mae under that agency's conservatorship.[12] Under HERA's Federal Foreclosure Bar, when Fannie Mae is the owner of the deed of trust at the time of the foreclosure sale and Fannie Mae is under the conservatorship of the FHFA, the deed of trust is not extinguished and instead survives the sale unless the agency affirmatively relinquished that interest.[13]

Ditech filed this action against foreclosure-sale purchaser Keynote Properties, LLC, the HOA, and foreclosure agent Nevada Association Services.[14] It pleads quiet-title claims under three theories,[15] asserting that the Federal Foreclosure Bar or the tender of the full superpriority portion of the HOA's lien by Fannie Mae's loan servicer prevented the foreclosure sale from

---

[9] *SFR I*, 334 P.3d at 419.

[10] *See Berezovsky v. Moniz*, 869 F.3d 923, 927 n.1 (9th Cir. 2017).

[11] *Berezovsky*, 869 F.3d at 925.

[12] *Id*.

[13] *Id.* at 933; *Saticoy Bay LLC Series 9641 Christine View v. Fed. Nat'l Mortg. Ass'n*, 417 P.3d 363, 368 (Nev. 2018) ("Because Fannie Mae was under the FHFA's conservatorship at the time of the homeowners' association foreclosure sale, the Federal Foreclosure Bar protected the deed of trust from extinguishment.").

[14] ECF No. 1 (complaint).

[15] Ditech spreads these theories across claims captioned "declaratory relief" and "quiet title." I find that these claims, whatever their titles, are really just quiet title claims seeking declaratory relief as the remedy.

3

extinguishing the deed of trust and, alternatively, that Nevada's HOA lien-foreclosure scheme was unconstitutional and violated its due-process rights. Ditech also pleads alternative claims for breach of NRS § 116.1113 and wrongful foreclosure that are conditioned on the failure of its quiet-title claims,[16] and a claim for injunctive relief during the pendency of this case.[17] It pleads quiet-title claims under three main theories, asserting that the Federal Foreclosure Bar or a prior loan servicer's tender of the full superpriority lien amount prevented the foreclosure sale from extinguishing the deed of trust or, alternatively, that Nevada's HOA lien-foreclosure scheme was unconstitutional.[18] I find that Ditech's quiet-title claims are the type recognized by the Nevada Supreme Court in *Shadow Wood Homeowners Association, Inc. v. New York Community Bancorp*—actions "seek[ing] to quiet title by invoking the court's inherent equitable jurisdiction to settle title disputes."[19] The resolution of such a claim is part of "[t]he long-standing and broad inherent power of a court to sit in equity and quiet title, including setting aside a foreclosure sale if the circumstances support" it.[20]

Though all defendants were served,[21] the HOA is the only one who has answered the complaint and actively participated in this litigation. Keynote Properties filed a certificate of interested of parties more than three years ago and demanded that Ditech post security of

---

[16] ECF No. 1 at 13–16 (fourth and fifth causes of action).

[17] *See id.* at 16–17 (sixth cause of action).

[18] *Id.*

[19] *Shadow Wood Homeowners Ass'n, Inc. v. New York Cmty. Bancorp*, 366 P.3d 1105, 1110–11 (Nev. 2016).

[20] *Id.* at 1112.

[21] ECF Nos. 6–8.

4

costs[22]—which Ditech ultimately did.[23] Keynote, though represented by counsel, has taken no further action in this case.[24] Nevada Association Services, Inc. (NAS) never appeared. Ditech has not sought default against either Keynote or NAS.

Discovery has closed[25] and Ditech moves for summary judgment, arguing that the Federal Foreclosure Bar and a prior loan servicer's pre-foreclosure tender of the full superpriority portion of the HOA's lien saved Fannie Mae's deed of trust on this property from extinguishment.[26] Though the HOA disputes Ditech's entitlement to summary judgment on the basis of the pre-foreclosure tender, it puts up no fight on the Federal Foreclosure Bar argument, which is asserted against Keynote only.[27] The HOA also brings its own motion for summary judgment on all claims against it.[28] Because I find that Ditech is entitled to summary judgment on its quiet-title claim based on the Federal Foreclosure Bar, I enter judgment in its favor on that theory, declare that the foreclosure sale did not extinguish the deed of trust, dismiss the plaintiff's remaining claims as moot, and close this case.

---

[22] ECF Nos. 11, 12.

[23] ECF No. 45.

[24] This case was stayed for several years. The lift-stay order gave defendants until May 24, 2019, to answer or otherwise respond to the complaint. ECF No. 30. Keynote and NAS filed nothing.

[25] ECF No. 34 (scheduling order with discovery cut-off of 11/8/19).

[26] ECF No. 37. Because I grant the motion based on the Federal Foreclosure Bar, I do not reach the tender issue.

[27] ECF No. 38.

[28] ECF No. 46.

**Discussion**

**A.     Summary Judgment Standard**

Summary judgment is appropriate when the pleadings and admissible evidence "show there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."[29] When considering summary judgment, the court views all facts and draws all inferences in the light most favorable to the nonmoving party.[30] If reasonable minds could differ on material facts, summary judgment is inappropriate because its purpose is to avoid unnecessary trials when the facts are undisputed, and the case must then proceed to the trier of fact.[31] When the moving party satisfies Rule 56 by demonstrating the absence of any genuine issue of material fact, the burden shifts to the party resisting summary judgment to "set forth specific facts showing that there is a genuine issue for trial."[32] "To defeat summary judgment, the nonmoving party must produce evidence of a genuine dispute of material fact that could satisfy its burden at trial."[33]

**B.     Ditech is entitled to partial summary judgment because the Federal Foreclosure Bar saved Fannie Mae's deed of trust from extinguishment.**

In *Berezovsky v. Moniz*, the Ninth Circuit held that "the Federal Foreclosure Bar supersedes the Nevada superpriority lien provision,"[34] preventing a non-judicial foreclosure sale under NRS Chapter 116 from extinguishing a Freddie Mac deed of trust without the FHFA's

---

[29] *See Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986) (citing FED. R. CIV. P. 56(c)).

[30] *Kaiser Cement Corp. v. Fishbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986).

[31] *Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th Cir. 1995); *see also Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994).

[32] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986); *Celotex*, 477 U.S. at 323.

[33] *Sonner v. Schwabe N. Am., Inc.*, 911 F.3d 989, 992 (9th Cir. 2018).

[34] *Berezovsky*, 869 F.3d at 931.

consent while that government enterprise is under the FHFA's conservatorship. Numerous Ninth Circuit panels have since applied *Berezovsky* to find that the Federal Foreclosure Bar similarly saved Fannie Mae deeds of trust from extinguishment during HOA foreclosure sales.[35] There is no dispute that Fannie Mae was under the FHFA's conservatorship at the time of the 2013 foreclosure sale. There is also no legitimate dispute that the FHFA did not consent to wiping out Fannie Mae's deed of trust through this foreclosure. The FHFA issued a statement dated April 21, 2015, "confirm[ing] that it has not consented, and will not consent in the future, to the foreclosure or other extinguishment of any Fannie Mae or Freddie Mac lien or other property interest in connection with HOA foreclosures of super-priority liens."[36]

      The key question is whether Ditech has shown that the security interest in this property belonged to Fannie Mae such that it was protected from the legal effect of NRS § 116.3116 by the Federal Foreclosure Bar. Fannie Mae offers the declaration of its Assistant Vice President Graham Babin, which shows that Fannie Mae was the security instrument's owner. That declaration establishes that Fannie Mae acquired ownership of the loan and the deed of trust for this property in December 2005 and has continued to own them ever since.[37] Babin attaches documents such as printouts of computer records and relevant portions of Fannie Mae's publicly available Servicer Guide,[38] which corroborate his statements about Fannie Mae's ownership.

---

[35] *See, e.g., Nationstar Mortg. LLC v. Airmotive Investments, LLC*, 787 F. App'x 446, 447 (9th Cir. Dec. 13, 2019) (unpublished); *Ditech Fin., LLC v. SFR Investments Pool 1, LLC*, 2019 WL 6242262 at *2 (9th Cir. Nov. 21, 2019) (unpublished); *Saticoy Bay, LLC, Series 2714 Snapdragon v. Flagstar Bank, FSB*, 699 F. App'x 658 (9th Cir. 2017) (unpublished).

[36] ECF No. 37-11; https://www.fhfa.gov/Media/PublicAffairs/Pages/Statement-on-HOA-Super-Priority-Lien-Foreclosures.aspx, last visited 1/8/20.

[37] ECF No. 37-1 at 2, ¶¶ 4–7.

[38] *Id*. at 7–58; ECF Nos. 37-2, 37-3, 37-4.

I find that Babin's declaration sufficiently establishes his familiarity with Fannie Mae's recordkeeping system and the authenticity of the printouts and other documents he offers to lay the foundation required by Federal Rule of Evidence 902(11). And it establishes—with no materially contradictory evidence from any defendant[39]—that the security interest on this property belonged to Fannie Mae at the time of the 2013 foreclosure sale, as it does today. The ballooning body of Federal Foreclosure Bar caselaw in this jurisdiction supports this conclusion. The Nevada Supreme Court found a similar record sufficient to support summary judgment in favor of Freddie Mac based on the Federal Foreclosure Bar last year in *Daisy Trust v. Wells Fargo Bank, N.A.*[40] And the Ninth Circuit reached the same conclusion on near-identical records in *Berezovsky* and in *Federal Home Loan Mortgage Corporation v. SFR Investments Pool 1, LLC*.[41]

I conclude that *Berezovsky* provides the applicable legal principles for Ditech's Federal Foreclosure Bar theory, that I am bound by those principles, and that Ditech has shown through

---

[39] Although the court cannot grant summary judgment by default based merely on the lack of an opposition to an argument, *Heinemann v. Satterberg*, 731 F.3d 914, 917 (9th Cir. 2013), the lack of a response is not without consequences. As Rule 56(e) explains, "If a party fails . . . to properly address another party's assertion of fact . . . the court may . . . consider the fact undisputed for purposes of the motion" and "grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it . . . ." Fed. R. Civ. P. 56(e)(2) & (3); *Heinemann*, 731 F.3d at 917. Here, they do.

[40] *Daisy Trust v. Wells Fargo Bank, N.A.*, 445 P.3d 846, 850–51 (Nev. 2019).

[41] *Fed. Home Loan Mortg. Corp. v. SFR Investments Pool 1, LLC*, 893 F.3d 1136, 1150 (9th Cir. 2018), *cert. denied*, 139 S. Ct. 1618 (2019) ("The district court based its finding that an Enterprise had an interest in each Property on the fact that, in each case, a servicer acquired a beneficial interest in the respective Property's deed of trust, and serviced the respective mortgage loan on behalf of one of the Enterprises. Each acquisition of a Property's deed of trust by a servicer occurred on a date prior to the respective HOA foreclosure sale. The district court thus found that FHFA, which succeeded to the Enterprises' assets per HERA, held an interest in the Properties prior to the sales. Accordingly, the named beneficiary under the recorded deed of trust in each case is someone other than the note owner, one of the Enterprises.").

evidence not subject to genuine dispute that it is entitled to summary judgment on its quiet-title claim based on this theory. So I grant summary judgment in favor of Ditech on its Federal Foreclosure Bar claim and declare that 12 U.S.C. § 4617(j)(3) prevented the 2013 foreclosure sale from extinguishing the deed of trust.

Because I am granting complete quiet-title relief based on the Federal Foreclosure Bar theory, I need not and do not reach the merits of, or arguments challenging, any of Ditech's other quiet-title theories. And because Ditech's remaining claims as pled either are contingent upon a determination that the sale extinguished the deed of trust[42] or seek a pre-judgment remedy,[43] I dismiss all remaining claims as moot. And because I am dismissing Ditech's other claims as moot, I need not and do not reach the HOA's motion for summary judgment on those claims.

## Conclusion

IT IS THEREFORE ORDERED that Ditech's Motion for Partial Summary Judgment **[ECF No. 37] is GRANTED in part. Summary judgment is entered in favor of Ditech Financial, LLC on its quiet-title claim based on the Federal Foreclosure Bar.** Because 12 U.S.C. § 4617(j)(3) prevented the extinguishment of the deed of trust during the 2013 HOA foreclosure sale, Ditech is entitled to a declaration that Keynote Properties, LLC took the property subject to that interest. **Plaintiff's remaining claims are DISMISSED as moot.**

IT IS FURTHER ORDERED that the Court at Aliante Homeowners Association's Motion for Summary Judgment **[ECF No. 46] is DENIED** as moot.

---

[42] *See* ECF No. 1 at ¶ 84 (breach of NRS § 116.1113 claim), ¶ 95 (wrongful foreclosure claim).

[43] *Id*. at ¶ 103 (seeking an injunction "during the pendency of this action"). Plus, injunctive relief is just a remedy, not an independent cause of action that requires resolution absent a companion motion for injunctive relief.

9

And with good cause appearing and no reason to delay, and because this order leaves no claims pending, IT IS FURTHER ORDERED that **FINAL JUDGMENT IS HEREBY ENTERED in favor of Plaintiff Ditech Financial, LLC, DECLARING that:**

> the deed of trust for the real property located at 3309 Speckle Summer Place # 1 in North Las Vegas, Nevada, recorded as Instrument # 0003030 in Book 20051101 of the real property records for Clark County, Nevada, on 11/1/05, was not extinguished by the 7/26/13 foreclosure sale, so foreclosure-sale purchaser Keynote Properties, LLC took the property subject to the deed of trust.

The Clerk of Court is directed to CLOSE THIS CASE.

Dated: January 9, 2020

_____
U.S. District Judge Jennifer A. Dorsey